IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JARON BRIGNAC,

      Petitioner,                         CIV S-06-1650 LKK GGH P

     vs.

J. S. WOODFORD, DIRECTOR OF
THE CALIFORNIA DEPT. OF CORRECTIONS,[1]

      Respondent.                    FINDINGS & RECOMMENDATIONS

_____/

      Petitioner, proceeding pro se, has filed a petition which must be construed as brought pursuant to 28 U.S.C. §2254, together with an application to proceed in forma pauperis.

      Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be

---

[1] "A petitioner for habeas corpus relief must name the state officer having custody of him or her as the respondent to the petition. This person typically is the warden of the facility in which the petitioner is incarcerated. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir.1992)." Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994) (citing Rule 2(a), 28 U.S.C. foll. § 2254). Failure to name the petitioner's custodian as a respondent deprives federal courts of personal jurisdiction. Id.; Dunne v. Henman, 875 F.2d 244, 249 (9th Cir.1989). In the instant action, petitioner has named the former CDC Director (now the California Department of Corrections and Rehabilitation (CDCR)). This individual is not the proper respondent. Petitioner is cautioned to name the proper respondent.

granted.  See 28 U.S.C. § 1915(a).

Petitioner purports to bring this action pursuant to 28 U.S.C. § 2241, however, 28 U.S.C. § 2254 is the exclusive avenue for a state court prisoner challenging the constitutionality of his detention.  White v. Lambert, 370 F.3d 1005 (9th Cir. 2004).  Section 2254 is the proper vehicle even when a petitioner challenges, not the underlying conviction itself, but, in this case, administrative decisions.  Id. at 1007.

Petitioner seeks restoration of time credits lost as a result of his conviction at numerous separate serious rules violations (CDC 115's) prison disciplinary hearings.  On May 24, 1999, petitioner was assessed 30 days' credit at a serious rules violation CDC 115 prison disciplinary hearing; on June 26, 1999, petitioner was assessed 30 days' credit at another CDC 115 proceeding; on August 11, 1999, petitioner lost another 30 days of time credits at a CDC 115 hearing; on October 19, 1999, was assessed a further 30 day credit loss on a CDC 115.  On November 1, 1999, petitioner lost 30 days of credit on a CDC 115 at one hearing and, on the same day, lost an additional 90 days at another CDC 115 hearing.  On April 10, 2000, he lost another 30 days at a CDC 115 proceeding.  Moreover, petitioner received some 17 additional serious CDC 115's, which he does not specifically set forth.  The effect of each of the prison disciplinaries has been that each has moved his minimum eligible parole date back and it is now December 5, 2009.   Petitioner alleges that he has a history of mental illness and that no psychiatric evaluation was performed before any of his prison disciplinary hearings to determine if he was able to competently proceed with each hearing.

When a state prisoner challenges the legality of his custody and the relief he seeks is the determination of his entitlement to an earlier or immediate release, his sole federal remedy is a writ of habeas corpus.  See Preiser v. Rodriguez, 411 U.S. 475 (1973).  Before plaintiff may bring a federal habeas corpus action, however, he must present his claims to the highest state

\\\\\

\\\\\

court. Petitioner here challenges multiple prison disciplinary hearings, none of which he has shown to be exhausted.[2]

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3). A waiver of exhaustion, thus, may not be implied or inferred.

A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986). The claims raised herein do not appear to have been presented to the California Supreme Court. Further, there is no allegation that state court remedies are no longer available to petitioner. The petition must be dismissed for failure to exhaust available state remedies.

Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be denied for petitioner's failure to exhaust state court remedies.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised

\\\\\

---

[2] Petitioner must challenge only one state court decision in his petition. Unless he exhausts state court remedies as to all the prison disciplinary hearings set forth here in one petition to which the state supreme court renders a single decision, he may not proceed as to all of them in a single federal petition. See Rule 2(e) of the Rules Governing Section 2254 Cases in the United States District Court (a separate petition must be filed as to each judgment of a state court).

1 | that failure to file objections within the specified time may waive the right to appeal the District
2 | Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
3 | DATED: 11/15/06

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
brig1650.ord

4